UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANDREA N. BERRY**, <br><br> Plaintiff, <br><br> v. <br><br> **PETE BUTTIGIEG**, <br> **Secretary of Transportation**, <br><br> Defendant. | Civil Action No. 23-3587 (TSC) |

## MEMORANDUM OPINION

On September 21, 2023, *pro se* Plaintiff Andrea Berry filed a Complaint against Pete Buttigieg, in his official capacity as Secretary of Transportation, in the Superior Court of the District of Columbia, alleging sexual harassment and retaliation. Compl., ECF No. 1-1. On October 17, 2023, she amended her Complaint to add a breach of contract claim. Am. Compl., ECF No. 1-2; ECF No. 9. On December 1, 2023, Defendant removed the case to this court under 28 U.S.C. §§ 1442(a)(1) and § 1446. Notice of Removal, ECF No. 1.

Defendant moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), failure to effectuate proper service under Federal Rule of Civil Procedure 12(b)(5), and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 7. Because the court finds that it lacks jurisdiction under the derivative jurisdiction doctrine, it will GRANT Defendant's motion to dismiss.

1

## I.     BACKGROUND

Plaintiff alleges that while she was working as a federal contractor for Federal Motor Carrier Safety Administration ("FMCSA"), she was "repeatedly subjected to unwanted touching and sexual comments" from a FMCSA Director. Am. Compl. at 1. According to Plaintiff, the Director "repeatedly rubbed his right hand down [her] left leg in the mornings as his way of saying 'good morning,'" made comments about Plaintiff being his "work wife," and previously told her that "if he wanted it, he'd take it." *Id.*

Plaintiff alleges that on July 12, 2017, the Director pulled Plaintiff's blouse off her shoulder three times. *Id.* She reported him, and six days later, her clients "began taking [her] duties away." *Id.* A few weeks after that, Plaintiff was fired, even though she already had a contract "drawn up and signed" to support FMCSA for another year, through 2018. *Id.* Plaintiff adds that she completed the EEOC process, citing to "Agency No. DOT/2018-27626-FMCSA." *Id.* at 2.

After the case was removed to this court, on January 5, 2024, Plaintiff filed a "Response to Order," stating that she "forgot to add Title VII as the legal basis for [her] case." ECF No. 5 at 1. Construed liberally, Plaintiff's claims thus encompass a sexual harassment and retaliation claim under Title VII of the Civil Rights Act of 1964 ("Title VII") and a breach of contract claim.

## II.    LEGAL STANDARD

**Federal Rule of Civil Procedure 12(b)(1)**

Federal district courts have limited jurisdiction—"they possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "In every case, the jurisdictional requirements of Article III must be present before a court may proceed to the merits." *Moms Against Mercury v. FDA*, 483 F.3d 824, 826 (D.C. Cir. 2007) (citation omitted).

2

A court must dismiss a case pursuant to Federal Rule of Civil Procedure 12(b)(1) when it lacks subject matter jurisdiction.

When deciding a Rule 12(b)(1) motion, the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). "Courts must construe *pro se* filings liberally." *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

### III.   ANALYSIS

Defendant contends that the court should dismiss Plaintiff's claims for lack of subject matter jurisdiction under the doctrine of derivative jurisdiction. Def.'s Mot. at 5–8. Because the court agrees that it lacks jurisdiction, it does not address Defendant's Rule 12(b)(5) and 12(b)(6) arguments.

Under 28 U.S.C. § 1442(a), federal defendants who are sued in "a State court," may remove the action to a federal district court, as Defendant did here. The "term 'State court' includes the Superior Court of the District of Columbia." 28 U.S.C. § 1442(d)(6). But under the derivative jurisdiction doctrine, when a federal defendant removes a case under § 1442, a federal district court may hear a plaintiff's claims only if the state court had jurisdiction to hear those claims in the first place. *Day v. Azar*, 308 F. Supp. 3d 140, 142 (D.D.C. 2018) (citing *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922)). This is true even if the federal district court would have had original jurisdiction had the case been filed there first. *Id.; see Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) ("[I]f the state court lacks jurisdiction . . . the federal

3

court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there.") (citing *Freeman v. Bee Mach. Co.*, 319 U.S. 488, 499 (1943).

"To determine whether the doctrine of derivative jurisdiction requires dismissal," the court must first address the threshold question of whether the D.C. Superior Court had subject matter jurisdiction before removal. *Merkulov v. United States Park Police*, 75 F. Supp. 3d 126, 130 (D.D.C. 2014) (citation omitted). If the answer is no, the court cannot "acquire" jurisdiction upon removal, "even if Plaintiff could have filed [her] complaint in federal court in the first instance." *Cofield v. United States*, 64 F. Supp. 3d 206, 214 (D.D.C. 2014) (citing *Lambert Run Coal*, 258 U.S. at 382).

Title VII "identifies the courts that have jurisdiction to hear Title VII claims." *Williams v. Perdue*, 386 F. Supp. 3d 50, 54 (D.D.C. 2019). "Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter." 42 U.S.C. § 2000e–5(f). The D.C. Superior Court is neither a district court nor a United States court. *Day*, 308 F. Supp. 3d at 142 ("The clear meaning of the phrase 'United States district court' does not encompass state courts or the courts of the District of Columbia."); *Williams*, 386 F. Supp. 3d at 54 ("[W]hile the District of Columbia is a 'place subject to the jurisdiction of the United States,' the Superior Court is not the District's 'United States court'") (quoting *Day*, 308 F. Supp. 3d at 142–43; *see also Palmore v. United States*, 411 U.S. 389, 408–09 (1973) (describing the District of Columbia court system as "essentially similar to those of the local courts found in the 50 States of the Union."). Therefore, the D.C. Superior Court lacked jurisdiction over Plaintiff's Title VII claims.

It is true that this court normally has federal question jurisdiction over Title VII cases under 28 U.S.C. § 1331. But because Title VII does not confer original jurisdiction in the D.C. Superior

Court over claims arising from federal employment, this court "cannot assert jurisdiction over them on removal." *See Cofield*, 64 F. Supp. 3d at 214–15 ("[T]he Superior Court did not have jurisdiction over Plaintiffs' claims against the Federal Defendants in the first place, and given that this matter was removed to federal court under 28 U.S.C. §§ 1442 and 1446, this Court cannot assert jurisdiction over them on removal.").

The court similarly lacks jurisdiction over Plaintiff's breach of contract claim, which alleges that she was fired despite having a contract "drawn up and signed" with FMCSA to provide support through 2018. Am. Compl. at 1. Plaintiff seeks $350,000 in damages. *Id.*

Under the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over breach of contract claims against the United States which seek more than $10,000 in damages. *See* 28 U.S.C. §§ 1346(a)(2); 28 U.S.C. § 1491(a)(1); *Palacios v. Spencer*, 906 F.3d 124, 127 (D.C. Cir. 2018) ("Under the Tucker Act, the Court of Federal Claims . . . [has] exclusive jurisdiction over" claims exceeding $10,000); *Crowley Gov't Servs., Inc. v. Gen. Servs. Admin.*, 38 F.4th 1099, 1106 (D.C. Cir. 2022) (the D.C. Circuit "has interpreted the Tucker Act 'to confer exclusive jurisdiction over breach of contract claims against the United States seeking more than $10,000 in damages on the Court of Federal Claims.'") (quoting *Hammer v. United States*, 989 F3d 1, 2 (D.C. Cir. 2021). Because Plaintiff alleges a breach of contract claim against the United States for over $350,000, the D.C. Superior Court also lacked jurisdiction over this claim.

Given that the D.C. Superior Court lacked jurisdiction over Plaintiff's Title VII and breach of contract claims, the court cannot derive removal jurisdiction over these claims under 28 U.S.C. § 1442(a), and it therefore must dismiss the case. The court notes, however, that the dismissal of this case for lack of jurisdiction does not preclude Plaintiff from filing a separate case directly in a federal court of competent jurisdiction if she so chooses.

## IV.     CONCLUSION

For the reasons explained above, by separate order the court will GRANT Defendant's Motion to Dismiss.

Date: March 19, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge